IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | | |
| Plaintiff, | | |
| v. | | 1:08-cv-03668-WSD |
| ANDRIES STEPHAN BOTES, | | |
| Defendant. | | |

OPINION AND ORDER

This matter is before the Court on Plaintiff Hilda Solis's ("Plaintiff") Motion to Dismiss the Case without Prejudice [80].

On October 6, 2014, Plaintiff moved to dismiss all claims against Defendant Andries Stephan Botes ("Defendant") without prejudice because Defendant has been deported, and he is prohibited from entering the United States. On September 29, 2014, Plaintiff requested the Defendant to agree to a Consent Order that purports to permanently enjoin Defendant from serving as a fiduciary, trustee, agent, or representative in any capacity to an employee benefit plan, as defined by the Employee Retirement Security Act of 1974. See 29 U.S.C. § 1001 et seq. To date, Defendant has not replied to the Plaintiff's Motion for Voluntary Dismissal,

and he has not informed the Court whether he will sign the Consent Order proposed by Plaintiff.

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, an action may be dismissed without prejudice, at the plaintiff's request, by Court Order on terms that the Court considers proper.  Fed. R. Civ. P. 41(a)(2).  The Court has broad discretion to determine whether to allow a voluntary dismissal under Rule 41(a)(2).  Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).  "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result."  McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986).

The Court concludes that Defendant's inability to physically participate in the proceedings related to this case warrants a grant of voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  The Court finds that there is no basis to conclude that Defendant will be prejudiced by the dismissal of this action, and the "mere prospect of a subsequent lawsuit" does not constitute prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  McCants, 781 F.2d at 857.

Plaintiff requests to reopen this case at a later date to file a Consent Order if Defendant agrees to the terms of the Consent Order proposed by Plaintiff.  The

Court will allow the case to be reopened to consider a request to file the Consent

Order if signed by Defendant, and whether it would be appropriate, at that time, to

change the character of the dismissal.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss the Case

without Prejudice is **GRANTED** with the conditions set out in this Order [80].

**IT IS FURTHER ORDERED** that the Clerk is directed to **CLOSE** this

case.

**SO ORDERED** this 7th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

3